IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEANNA J. HELLYER,

    **Plaintiff,**

    v.

        Civil Action 2:13-cv-802
        Judge Michael H. Watson
        Magistrate Judge Elizabeth P. Deavers

COMMISSIONER OF SOCIAL SECURITY,

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act. (ECF No. 23.) The Commissioner of Social Security did not file a Memorandum in Opposition. For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**. It is further **RECOMMENDED** that the Court **AWARD** Plaintiff attorney's fees in the amount of **$2,606.35**.

### I.

Plaintiff filed this action on August 13 2013, seeking review of an adverse decision of the Commissioner of Social Security ("Commissioner"). (ECF No. 1.) On May 24, 2016, the Court issued an Opinion and Order reversing the Commissioner's nondisability finding and remanding this case to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) based upon the Court's finding that the administrative law judge's nondisability finding was not supported by substantial evidence. (ECF No. 21.) On August 17, 2016, Plaintiff filed the instant Motion seeking an

award of attorney's fees under the Equal Access to Justice Act ("EAJA").  (ECF No. 23.)  The Commissioner has not opposed Plaintiff's Motion.

**II.**

Plaintiff seeks an award of attorney's fees for 14.10 hours that her counsel worked on this case before this Court.  The EAJA provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Accordingly, a party will generally be entitled to attorney's fees under the EAJA when he or she is the prevailing party and the government's position was not substantially justified.  *See Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129–30 (6th Cir. 2007) (outlining requirements under the EAJA).  The Commissioner "bears the burden of demonstrating that its position was substantially justified." *Pickering v. Mukasey*, 306 F. App'x. 246, 247 (6th Cir. 2009).

The EAJA limits recovery of attorney's fees to $125 per hour unless the court concludes that the circumstances justify a higher rate:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  In analyzing the EAJA, the United States Court of Appeals for the Sixth Circuit has emphasized that the "statutory rate is a ceiling and not a floor." *Chipman v.*

*Sec'y of Health & Hum. Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Furthermore, "[i]n requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Accordingly, the Sixth Circuit has held that "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In determining the appropriate rate, the Court may allow for a cost of living adjustment to justify an award in excess of $125 per hour. *See Begley v. Sec'y of Health & Hum. Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). The determination of whether a cost of living increase justifies a fee in excess of the $125 rate is left to the Court's discretion. *Id.* It is not sufficient, however, that a party submit only the Department of Labor's Consumer Price Index and argue that inflation justifies an increase in fees. *Bryant*, 578 F.3d at 450.

**III.**

It is undisputed that Plaintiff is the prevailing party. Given that the Commissioner has not even attempted to demonstrate that her position was substantially justified, the sole issue for the Court is whether Plaintiff has produced evidence sufficient to support the increased rates her attorney seeks.

With regard to this issue, Plaintiff seeks an award of attorney's fees in the amount of $2,606.35 for 14.10 hours that her counsel worked on this case before this Court, which calculates to an approximate hourly rate of $185.00. Thus, Plaintiff seeks an upward departure

3

from the $125 statutory cap.  The Undersigned concludes that Plaintiff has produced satisfactory evidence that her counsel's requested rate comports with prevailing rates in the community. *Bryant*, 578 F.3d at 450.  Plaintiff has provided an affidavit from her counsel, which reflects that his normal billing rate is $200 per hour.  (Woodroof Aff. ¶ 5, ECF No. 23-3.)  Plaintiff has also submitted excerpts from a study the Ohio State Bar Association sponsored concerning attorney hourly billing rates in 2013.  (*See* ECF No. 23-4.)  The study reflects that the 2013 mean billing rate in the Downtown Columbus area, which is where Plaintiff's counsel practices, was $295 per hour.  (*Id*.)  The study also shows that the 2013 mean billing rate for firms in Ohio with twenty-one to fifty attorneys, which is the size of Plaintiff's counsel's firm, was $254 per hour and that the 2013 mean billing rate in Ohio for attorneys with more than sixteen years of experience was $233 per hour.  (*Id*.)  The Undersigned finds that the foregoing evidence sufficiently supports Plaintiff's counsel's requested rate increase.

## IV.

In sum, Plaintiff has provided satisfactory evidence to support her counsel's requested rate of approximately $185.00 per hour.  It is therefore **RECOMMENDED** that the Court **GRANT** Plaintiff's Motion for an Award of Attorney's Fees and **AWARD** Plaintiff attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of **$2,606.35**.  (ECF No. 23.)

## V.  PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: September 21, 2016            /s/ *Elizabeth A. Preston Deavers*
                                                         ELIZABETH A. PRESTON DEAVERS
                                                         UNITED STATES MAGISTRATE JUDGE